BUSTAMANTE, PLAINTIFF AND APPELLANT, v. CAMINO,
DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for
Divorce.

No. 2615.—Decided January 19, 1923.

DIVORCE—SUMMONS—SERVICE—DISCRETION OF COURT.—In this case of an appeal
from an order setting aside a divorce judgment and reopening the case,
*Held:* That the fact that there was no personal service of summons and
other facts appearing from the defendant's motion are of sufficient impor-
tance to show, without considering the merits of the case, that the lower
court had good reasons for exercising the discretion conferred upon it by
section 140 of the Code of Civil Procedure.

The facts are stated in the opinion.

*Mr. L. Tormes* for the appellant.

*Messrs. López de Tord* and *Zayas Pizarro* for the ap-
pellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the
court.

This is an action for divorce on the ground of abandon-
ment. After a judgment sustaining the complaint had been
rendered the lower court, on motion by the defendant,
vacated and set aside the said judgment and ordered that
the answer exhibited be included in the record and that
the case be proceeded with in the usual manner.

The summons was not served on the defendant personally.
Her whereabouts being unknown, she was summoned by
publication, her default was entered and after a trial of the
case judgment was rendered dissolving the bonds of matri-
mony between the plaintiff and the defendant. That judg-
ment was rendered on March 18, 1921, and on July 5th the de-
fendant moved the court, under section 140 of the Code of
Civil Procedure, to set the said judgment aside and allow
the answer accompanying the motion to be included in the
record. The motion substantially averred: That the plain-
tiff and the defendant were subjects of Spain and had
resided for thirty years in the Republic of Santo Domingo,

their present residence being in the city of Samaná of the said Republic where they resided prior to and at the time of the institution of this action; that the plaintiff's allegation that he had resided in Porto Rico for more than one year prior to the filing of the complaint is false, inasmuch as whenever the plaintiff came to this Island it was as a mere visitor and he returned immediately to the Dominican Republic; that it is not true that the defendant abandoned the plaintiff and the fact is that the plaintiff abandoned the defendant with the intention of marrying another woman; that the plaintiff brought an action for divorce against the defendant in the District Court of Santo Domingo, sitting at the capital of the said Republic, and the action having been dismissed, he appealed to the Department Court of the said Dominican Republic which dismissed the appeal, whereupon the plaintiff appealed to the Court of Cassation of the said Republic at the very time when the action for divorce was pending in the District Court of Ponce; that the defendant was never summoned personally in this case and although the summons was served by publication, no copy of it was mailed to the defendant at her residence in Samaná, notwithstanding the fact that on and before the date of the institution of this action the plaintiff knew that the said defendant resided in Samaná, all of which the plaintiff concealed with the perverse intention that the defendant should not know of the proceedings nor appear to defend herself against the unjust and false complaint filed in this case; that she has not been negligent in the defense of her rights, because as soon as she learned of the matter from a Porto Rican newspaper in which a notice of the judgment was published, she hastened to oppose the proceedings; that in the opinion of her attorneys the defendant has a good and lawful defense and her motion is made for a lawful purpose and in good faith and not with the intention of obstructing the course of justice; that in the summons it is

falsely stated that the complaint is properly verified, for the record of the case shows that this is not true, and that fact was known to plaintiff's attorney under whose direction the said summons was issued.

The said motion is sworn to by the attorney for the defendant because of her absence, she being in the Dominican Republic.

The plaintiff's answer to the motion does not openly and positively contradict the allegations of the defendant. His principal objection is that the motion contains allegations which could have been corroborated by documentary evidence or affidavits. It is true that the plaintiff's answer is accompanied by an affidavit of his attorney, but the said affidavit merely states that the defendant was summoned by publication and that all of the requirements of law were observed in accordance with the order of the lower court, but that no copy of the complaint was mailed to the defendant's·address because the order of the lower court did not require it and the complaint was drafted according to the statement of the facts of the case made to him by the plaintiff, whom he knows to be an honorable man of unimpeachable conduct. Assuming also that it would be of material importance to show that he had married again 23 days after the last publication of the notice to the defendant of the divorce judgment, the plaintiff exhibited a certificate from the civil register to the effect that he had married María de Jesús Goméz y Guzmán in the city of Ponce on May 11, 1921.

The appellant's brief makes out no stronger case than does his answer to the motion by the defendant. His argument combating the exercise of its discretion by the lower court in ruling on the defendant's motion is so weak that we can hardly call it a brief, for the task of probing the case is left to this court. It is alleged only that the lower court,

erred, and the sole argument is that the decisions on the matter are conflicting and that as a statement of the case has been brought up to this Supreme Court, it is in a position to determine whether or not the court below made proper use of its discretional power in its ruling. The de-cisions alleged to be conflicting are not cited, nor is any reason given which of itself would be sufficient to justify this court in interfering with the exercise of its discretion by the lower court in setting aside its previous judgment.

Personal service of the summons was not made on the defendant. Section 140 of the Code of Civil Procedure, the spirit of which is liberal and comprehensive in furtherance of the high ends of justice, authorizes the court below to exercise its discretion in the manner in which it did in setting aside the divorce judgment for reasons which it considered just. The pertinent part of said section 140 reads as follows:

"\* \* \* When for any cause the summons in an action has not been personally.served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action. \* \* \* "

We have no doubt that the lower court properly found that the whereabouts of the defendant was not unknown, and this fact having been concealed and suppressed by the plain-tiff, it was natural that in ordering the service of the sum-mons by publication the lower court should omit the require-ment that a copy of the summons and of the complaint should be mailed to the defendant's address, which was known to the plaintiff. It this had been done the law would have been complied with strictly and the defendant would not have been surprised by a notice that a divorce judgment had been rendered, published in a newspaper which came casually into her hands.

The fact that personal service of the summons was not made in this case, together with the other facts appearing from the motion by the defendant, indicates, apart from the merits of the case, that the trial court had strong and serious reasons for making good use of its sound discretion in setting aside the previous judgment and reopening the case for further proceedings.

For these reasons the order of July 30, 1921, must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.